UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD BOONE,
an individual,

      Plaintiff,

v.

LAW OFFICES OF ROSS
GELFAND, LLC,
a foreign limited liability company,

      Defendant.
_____/

Case No.:

COMPLAINT AND
DEMAND FOR A JURY
(Unlawful Debt Collection
Practices)

## COMPLAINT

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter, "FCCPA"), which prohibits debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION & VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

3. At all material times herein, the conduct of the Defendant, complained of below, occurred in Manatee County, Florida.

## III. PARTIES

4. At all times herein, the Plaintiff is an individual residing in Manatee County, Florida.

5. At all material times herein, the Defendant is a foreign limited liability company existing under the laws of Georgia. The Defendant engaged in its usual and customary business within Manatee County, Florida.

## IV. GENERAL ALLEGATIONS

6. The Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts owed to another.

7. At all times herein, the Defendant was a "debt collector" as defined by Florida Statute § 559.55(6) and by 15 U.S.C. § 1692a(6). Specifically, the Defendant attempts to collect a debt, a debt referenced by Defendant's account number 10126000 (hereinafter "the Debt"). The Debt was incurred primarily for personal, household or family use.

8. At all times herein, the Defendant was a "person" pursuant to Florida Statute § 559.72. *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all times herein, the Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

11. As of April 28, 2010, Defendant was not registered as a consumer collection agency in the State of Florida.

12. On or about April 28, 2010, Defendant mailed a collection letter (hereinafter

"Collection Letter") to Plaintiff's home in Manatee County, Florida in an attempt to collect the Debt.

13. The Collection Letter was on "Law Office of Ross Gelfand, LLC" letterhead and referenced the Debt by "RG: 10126000".

14. The Collection Letter stated, "This office has been retained by to collect the above-referenced balance. Pursuant to their request, we have been authorized to assist them in clearing up said account." Defendant's Collection Letter failed to identify the principal creditor.

15. Additionally, in two separate locations, Defendant's collection letter leaves blank the section: "Our Client: _____." Please see attached a true and accurate copy of the collection letter labeled "Exhibit A."

16. The Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. for the purpose of pursuing this matter against the Defendant and is obligated to pay his attorneys a reasonable fee for their services.

18. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter.

19. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter.

20. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTE § 559.72(9)</u>

21. The Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

22. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(9) by asserting the existence of the legal right to the Debt with the knowledge that the right does not exist.

23. As of April 28, 2010, Defendant was not registered as a consumer collection agency in the State of Florida.

24. Therefore, Defendant did not possess lawful authority to collect consumer debts in Florida.

25. Defendant however, as of April 28, 2010, attempted to collect the Debt from Plaintiff in the State of Florida.

26. By sending the Debt Collection Letter to the Plaintiff, Defendant implicitly asserted its legal right to collect the Debt in the State of Florida with knowledge that such right did not exist.

27. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(11)

28. The Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

29. The Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(11) by communicating with Plaintiff under the guise of an attorney by using the stationery of an attorney.

30. Specifically, on or about April 28, 2010, Defendant mailed a collection letter to Plaintiff's home in an attempt to collect the Debt.

31. The collection letter was on "Law Office of Ross Gelfand, LLC" letterhead.

32. Defendant's use of attorney stationery gave rise to the implication that an attorney was involved in the collection of the Debt. As a result, the Plaintiff reasonably believed that the Law Office of Ross Gelfand, LLC was comprised of attorneys and that it does legal work in the State of Florida.

33. When the Defendant, acting as a debt collector, used law firm letterhead, the Defendant plainly communicated with the Plaintiff under the guise of his capacity as an attorney.

34. Specifically, the Defendant used the authority and credibility of its letterhead to implicitly threaten litigation and to create a heightened sense of urgency without either a meaningful review of the Plaintiff's account or possessing the lawful ability to practice law and file suit in the State of Florida on behalf of its clients.

35. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692e(10)

36. The Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

37. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692e(10) by using false representation and deceptive means in attempting to collect the Debt.

38. Specifically, as of April 28, 2010, Defendant was not registered as a consumer collection agency in the State of Florida.

39. As of April 28, 2010, Defendant did not possess lawful authority to collect consumer debts in the State of Florida.

40. Therefore, Defendant deceptively and unfairly attempted to collect the Debt and implicitly asserted its lawful right to collect the Debt in the State of Florida without actually possessing such authority and with knowledge that such right did not exist.

41. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692e(10)

42. The Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

43. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect the Debt.

44. Specifically, on or about April 28, 2010, the Defendant deceptively used attorney stationery in its attempt to collect the Debt when it mailed a collection letter to Plaintiff's home.

45. The collection letter was on "Law Office of Ross Gelfand, LLC" letterhead.

46. Defendant's use of attorney stationery gave rise to the implication that an attorney was involved in the collection of the Debt. As a result, Plaintiff reasonably believed that the Law Office of Ross Gelfand, LLC was comprised of attorneys and that it does legal work in the State of Florida.

47. The Defendant used the authority and credibility of its letterhead to implicitly threaten litigation and to create a heightened sense of urgency without either a meaningful review of the Plaintiff's account or possessing the lawful ability to practice law and file suit in the State of Florida Florida on behalf of its clients.

48. The Defendant's Debt Collection Letter caused the Plaintiff unwarranted apprehension.

49. Defendant specifically intends to cause such apprehension by using its law firm letterhead to collect a debt notwithstanding failure to both meaningfully review Plaintiff's file on account and failure to possess the lawful ability to sue the Plaintiff in the State of Florida.

50. As a direct and proximate result of the Defendant's actions, the Plaintiff has

sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against the Defendant for statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. § 1692g(a)(1)

51. The Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

52. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692g(a)(1) by failing to identify the name of the creditor to whom the debt is owed in either the initial communication or within five days after the initial communication.

53. Specifically, on or about April 28, 2010, Defendant mailed a collection letter to Plaintiff's home in an attempt to collect the Debt.

54. The collection letter stated, "This office has been retained by to collect the above-referenced balance. Pursuant to their request, we have been authorized to assist them in clearing up said account." Defendant's collection letter failed to identify the principal creditor.

55. Additionally, in two separate locations, Defendant's collection letter leaves blank the section: "Our Client: _____."

56. Defendant failed to send the Plaintiff a written communication within five days after April 28, 2010 containing the name of the creditor to whom the debt is owed.

57. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

58. Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

Ian R. Leavengood, Esq. FBN 10167
**Christopher Nash, Esq., FBN 0135046**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
Attorneys for Plaintiff